No. 15-0011–*Phillips v. Stear*

**FILED**

**March 2, 2016**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

LOUGHRY, J., concurring, in part, and dissenting, in part:

Notwithstanding the contortionistic efforts of the majority, there is no existing rule of civil procedure that "rewards" a litigant for failing to properly investigate, discover, and litigate his or her case by handing them a second opportunity to try their case. While I agree that sufficient error exists to warrant a new trial, I vehemently disagree with the majority's conclusion that the facts of this case come within the misrepresentation and misconduct ground of Rule 60(b)(3). Accordingly, while I concur in the grant of a new trial, I dissent to the analytical approach the majority employed to award that relief. In taking such a decidedly misguided route, the majority has created the civil equivalent of a "get out of jail free" card to be utilized any time hindsight or post-verdict investigation operates to illuminate previously undisclosed or unknown facts pertinent to a case's outcome.

When the petitioners' counsel attempted to impeach Stear, the trial court, in *sua sponte* fashion, abruptly curtailed the line of inquiry and remonstrated counsel for his trial tactics. Not only did the trial court's hasty and improper evidentiary ruling prohibit a legitimate line of cross-examination, but it further served to wholly eviscerate counsel's credibility with the jury. As a result, a new trial is not warranted simply because Stear purportedly lied in his discovery responses regarding prior traffic citations or because the

1

petitioners obtained evidence after the trial that could have been used to impeach him at trial. Instead, the circuit court's refusal to allow Stear to be impeached by the petitioner after State Farm opened the door on the issue of Stear's driving record is reversible trial error that necessitates a new trial pursuant to Rule 59 of the Rules of Civil Procedure.

Under the rubric of Rule 60(b)(3), the majority based its grant of a new trial solely on Stear's failure to provide accurate and comprehensive information regarding the number of prior traffic citations he received, initially in written discovery responses and then at trial. The majority relies, in part, on a report showing an additional traffic citation not revealed during discovery and an affidavit obtained post-trial from Stear's ex-wife alleging additional incidents of traffic citations and poor driving behavior. Critically, the affidavit contains no independent verification of these additional citations and the ex-wife has not been subject to cross-examination regarding the content of her affidavit.[1] While I do not seek to condone perjury or discovery gamesmanship, even the majority concedes that it has no idea whether Stear's recollection of only one prior traffic citation was the result of willful fabrication or merely a memory lapse.

What this case underscores is the significant role that a thorough and skilled

---

[1]There is no indication as to why the ex-wife was not interviewed or deposed before trial or called as a witness at trial; neither is there an explanation as to why the additional traffic citation referenced in the affidavit was not previously investigated.

2

investigation, discovery, and cross-examination serve–they advance the litigational goal of uncovering the truth. Unquestionably, the petitioners were aware of Stear's inadequate or inaccurate discovery responses, as demonstrated in their counsel's readiness to impeach Stear during cross-examination with a report revealing contradictory information. It was the circuit court's erroneous failure to allow him to do so–in the time-honored form of questioning that is not only permissible but so undisputedly routine as to render the cessation of cross-examination and concomitant admonishment of counsel utterly shocking–which warrants a new trial.

The majority's application of Rule 60(b)(3) in this case could arguably lead to the (incorrect) conclusion that a new trial may be obtained any time a witness makes a misrepresentation during trial. While I find it hard to believe that the majority intended for Rule 60(b)(3) to have such an undesirable application, the majority's decision may launch the undesired effect of encouraging post-trial investigatory efforts. Given the "gift" of a second trial awarded for lately-discovered evidence, the majority has circumscribed the rules of civil procedure and further undermined the preferred use of cross-examination to ferret out the truth. As a result of the majority's misguided analysis, fairly-obtained verdicts are subject to being overturned for counsel's failure to scrupulously investigate and prosecute a case in the first instance. Despite its tortured use in this case, I would caution practitioners that Rule 60(b)(3) is not a substitute for diligent investigation and cross-examination. The

majority's contention that Stears' discovery "misrepresentation" prevented petitioners from "fully and fairly preparing or presenting" its claim is simply wrong. It was the trial court's error in halting the petitioners' attempt to impeach Stears that prevented a fair presentation of the petitioners' case, and nothing more.

Accordingly, I respectfully concur in the result reached by the majority, but dissent as to its analysis.